IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ELTON VANDERMARK,

                              Plaintiff,

          vs.                                    Civil Action No.
                                            1:05-CV-0788 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

                             Defendant.

---

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF

OFFICE OF PETER MARGOLIUS    PETER M. MARGOLIUS, ESQ.
7 Howard Street
Catskill, NY 12414

FOR DEFENDANT

HON. GLENN T. SUDDABY        WILLIAM H. PEASE, ESQ.
United States Attorney for the    Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

OFFICE OF GENERAL COUNSEL   BARBARA L. SPIVAK, ESQ.
Social Security Administration    Chief Counsel, Region II
26 Federal Plaza
New York, NY 10278              VERNON NORWOOD, ESQ.
                                     Assistant Regional Counsel

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Plaintiff Elton Vandermark, who the Commissioner acknowledges is disabled, has commenced this action seeking judicial review of an administrative decision requiring him to reimburse the Social Security Administration ("the Administration") for an overpayment of disability insurance benefits ("DIB") paid to him.  Plaintiff does not challenge the fact that he was overpaid, a fact stemming from his receipt of Workers' Compensation benefits, without a corresponding adjustment to his Social Security benefits, during the relevant time period.  The plaintiff contends that the agency's finding that recovery of the overpayment would not defeat the purpose of the DIB program is erroneous, arguing that the requirement of repayment would deprive him of income needed for ordinary and necessary living expenses, and thus contests the agency's determination that he is ineligible for a waiver of repayment.

Based on my review of the record, I find that the Commissioner's determination that plaintiff has failed to carry his burden of establishing a basis for the requested waiver of repayment resulted from application of proper legal principles, and is supported by substantial evidence in the record.

I.      BACKGROUND

Plaintiff applied for DIB in April of 1997, claiming disability based on a work-related injury to his upper back, right shoulder, and right hand experienced in December, 1996.   Administrative Transcript at 71.[1] Plaintiff was ultimately awarded the requested benefits, based on a decision rendered in May of 1998 by Administrative Law Judge Joseph Gibbons.  AT 23.  Plaintiff subsequently received notice of his award in June of 1998, and was informed that the award would be retroactive to the date of his injury.  AT 39, 42.

In July of 2002, plaintiff received notification that he would also receive Workers' Compensation benefits from the state, retroactive to the date of his work-related injury.  AT 88-89, 91-92.  Despite having been advised by the agency of his obligation to do so,[2] it was not until September 11, 2002, one day after receiving his Workers' Compensation award proceeds, that the plaintiff notified the Administration of his receipt

_____

[1]      Portions of the Administrative Transcript (Dkt. No. 5), which was filed by the Commissioner together with his answer, will be cited herein as "AT __."

[2]      Plaintiff was notified of his obligation to report his receipt of such collateral benefits in his initial application for Social Security DIB, AT 72, and in a March 21, 2002 notice of continuing DIB, AT 43A (unnumbered).  Plaintiff was also notified that his DIB could be offset by Workers' Compensation benefits in ALJ Gibbons' decision granting him Social Security benefits, AT 23, and in a subsequent notification of his award, AT 40.

of those benefits.[3]  AT 11, 627.  The Administration subsequently notified

Vandermark that the Worker's Compensation award which he had already

received should have been considered as an offset to his DIB, but was

not.  *See* AT 27.  As a result of the late notification, plaintiff was paid

$698.50 more in DIB than he was entitled to receive.  AT 12.

Upon being notified of the overpayment, plaintiff filed a request for a

waiver of overpayment recovery.  AT 47-54.  Plaintiff's request for waiver

was denied on March 12, 2003, based upon the agency's finding that

plaintiff was not without fault in accepting the overpayment because he

"failed to give [the Administration] timely information which [plaintiff] knew

or should have known was important."  AT 58-59; *see also* AT 26-28.

It is uncontested that plaintiff's sole source of income is from

government benefits.  In a form which he submitted to the Administration,

plaintiff calculated that income to be $1,288.32 monthly.[4]  AT 51.  On that

---

[3]        Plaintiff also claims that he contacted the Administration twice by
telephone in December of 2002 because he had not received a response to his initial
attempt.  AT 48.  Plaintiff maintains that during those conversations he was told that
the Workers' Compensation data was "in the system," and he should give the
Administration time to adjust his benefits accordingly.  AT 48.  During an evaluation of
plaintiff's request for waiver, however, an interviewer noted that there was nothing in
his file to indicate that he had provided any such notice.  AT 56.

[4]        There are some slight discrepancies between plaintiff's calculation of
income and expenses on his Request for Reconsideration, AT 51-52, and details of his
income and expenses recounted during his testimony at a hearing held to address his
waiver request, AT 623-34.  Those minor discrepancies, however, do not amount to a

same form, Vandermark calculated his monthly expenses to be $1314.44,

AT 52, but admitted to having $12 in discretionary income left over each

month, AT 623.  The monthly expenses listed by the plaintiff include

payments on two credit cards, AT 629, partial payments to his divorce

attorney, AT 634, and substantial medical expenses, including co-pays

and prescriptions, AT 631-32.

II.    PROCEDURAL HISTORY

    A.    Proceedings Before The Agency

    The administrative proceedings giving rise to this judicial challenge

were initiated by a request by the plaintiff for reconsideration of the

agency's decision to recover the DIB overpayments resulting from late

notice of plaintiff's Workers' Compensation award, AT 46, and a separate

request for waiver of the overpayment, AT 47-54.  After receiving

notification on March 12, 2003 that the collection of the overpayment

would not be waived,  AT 58, plaintiff requested an administrative hearing

to examine the request for waiver of the DIB overpayment reimbursement.

AT 60.  That hearing, at which plaintiff was represented by counsel, was

held on May 4, 2004 before ALJ Terence Ferrell.  AT 620.  Following the

---

material difference and therefore are not a factor in this decision.

hearing, ALJ Ferrell issued a written decision dated August 31, 2004.  AT
10-12.  In his decision, the ALJ focused on the two elements of the
prevailing test for seeking a waiver of recovery of overpayment of DIB,
including, (1) whether it was through the fault of the plaintiff that he
received the overpayment, and (2) whether requiring the plaintiff to
reimburse for the overpayment would contravene the purpose of the Act
by denying plaintiff the ability to pay for ordinary or necessary expenses,
or would represent a breach of equity and good conscience.  AT 10-12.

Examining the fault of the plaintiff, ALJ Ferrell accepted plaintiff's
testimony to the effect that he had contacted the Administration repeatedly
when he began receiving Workers' Compensation benefits.  AT 11.  The
ALJ found it persuasive that plaintiff had been told that the Administration
had the information recorded, and that his benefits would be adjusted
accordingly.  AT 11.  ALJ Ferrell determined that plaintiff's actions were
sufficient to establish his efforts to notify the agency to the best of his
ability and, consequently, the plaintiff was without fault in accepting the
overpayment.  AT 11.

Turning to the portion of the second element focusing upon whether
recovery of the overpayment would defeat the purpose of Title II of the

Act, ALJ Ferrell examined plaintiff's total living expenses and compared them to his DIB income.  AT 11.  Of interest to the ALJ was the fact that plaintiff's expenses included maintenance of a cell phone account, in addition to his home telephone; the cost of subscribing to cable television; and making consistent payments above the minimum amount due on his credit cards.   AT 11.  The ALJ found that the cell phone and cable television are not necessities, and therefore could not enter the monthly equation to determine whether plaintiff can afford to make repayments.  AT 11.  The ALJ also determined that there is no reason why plaintiff should be able to make payments larger than he is required on his debts to other creditors, while at the same time being excused from repaying what is owed to the Administration, in essence another creditor.  *Id.*  Consequently, the ALJ determined that repayment would not deprive plaintiff of income needed for ordinary and necessary living expenses, and as such the overpayment requirement should not be waived.[5]  AT 11-12.

The ALJ's determination became a final decision of the agency when, on April 22, 2005, the Social Security Administrative Appeals

---

[5]        ALJ Ferrell did conclude that because recovery of the entire overpayment at one time would cause financial difficulty for plaintiff, it should be collected in partial monthly withholdings.  AT 11-12.

Council denied plaintiff's application for review.  AT 3.

B.    This Action

Plaintiff commenced this action on June 23, 2005.  Dkt. No. 1.  Issue

was thereafter joined by the Commissioner's filing of an answer,

accompanied by an administrative transcript of the evidence and

proceedings before the agency, on October 19, 2005.  Dkt. Nos. 4, 5.

With the filing of the plaintiff's brief on December 1, 2005, Dkt. No. 6, and

that on the behalf of the Commissioner on January 13, 2006, Dkt. No. 7,

this matter is ripe for determination and has been referred to me for the

issuance of a decision, on consent of the parties, pursuant to 28 U.S.C. §

636(c).[6]  *See* Dkt. No. 9.

III.    DISCUSSION

A.    Scope of Review

        A court's review under 42 U.S.C. § 405(g) of a final decision by the

Commissioner is limited; that review requires a determination of whether

---

        [6]      This matter has been treated in accordance with the procedures set forth
in General Order No. 18 (formerly, General Order No. 43) which was issued by the
Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998,
and subsequently amended and reissued by Chief District Judge Frederick J. Scullin,
Jr., on September 12, 2003.  Under that General Order an action such as this is
considered procedurally, once issue has been joined, as if cross-motions for judgment
on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil
Procedure.

the correct legal standards were applied, and whether the decision is supported by substantial evidence. *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002); *Shaw v. Chater,* 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel,* 134 F.3d 496, 501 (2d Cir. 1998); *Martone v. Apfel*, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (Hurd, J.) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).   Where there is reasonable doubt as to whether the Commissioner applied the proper legal standards, his decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence. *Martone*, 70 F. Supp. 2d at 148.  If, however, the correct legal standards have been applied and the ALJ's findings are supported by substantial evidence, those findings are conclusive, and the decision should withstand judicial scrutiny regardless of whether the reviewing court might have reached a contrary result if acting as the trier of fact. *Veino*, 312 F.3d at 586; *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988); *Barnett v. Apfel,* 13 F. Supp. 2d 312, 314 (N.D.N.Y. 1998) (Hurd, M.J.); *see also* 42 U.S.C. § 405(g).

The term "substantial evidence" has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420,

1427 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197,

229, 59 S. Ct. 206, 217 (1938)); *Jasinski v. Barnhart*, 341 F.3d 182, 184

(2d Cir. 2003).  To be substantial, there must be "'more than a mere

scintilla'" of evidence scattered throughout the administrative record.

*Richardson*, 402 U.S. at 401, 91 S. Ct. at 1427; *Martone,* 70 F. Supp. 2d

at 148 (citing *Richardson*).  "To determine on appeal whether an ALJ's

findings are supported by substantial evidence, a reviewing court

considers the whole record, examining the evidence from both sides,

because an analysis of the substantiality of the evidence must also include

that which detracts from its weight."  *Williams*, 859 F.2d at 258 (citing

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 715 S. Ct. 456, 464

(1951)).

When a reviewing court concludes that incorrect legal standards

have been applied, and/or that substantial evidence does not support the

agency's determination, the agency's decision should be reversed.  42

U.S.C. § 405(g); *see Martone*, 70 F. Supp. 2d at 148.  In such a case the

court may remand the matter to the Commissioner under sentence four of

42 U.S.C. § 405(g), particularly if deemed necessary to allow the ALJ to

develop a full and fair record or to explain his or her reasoning. *Martone*,

70 F. Supp. 2d at 148 (citing *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir.

1980)).  A remand pursuant to sentence six of section 405(g) is warranted

if new, non-cumulative evidence proffered to the district court should be

considered at the agency level.  *See Lisa v. Sec'y of Dep't of Health and*

*Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991).  Reversal without remand,

while unusual, is appropriate when there is "persuasive proof of disability"

in the record and it would serve no useful purpose to remand the matter

for further proceedings before the agency.  *Parker*, 626 F.2d at 235;

*Simmons v. United States R.R. Ret. Bd.,* 982 F.2d 49, 57 (2d Cir. 1992);

*Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 644 (2d Cir.

1983).

B.    Waiver of Overpayment: The Test To Be Applied

This matter was before the Commissioner based upon plaintiff's

request for a waiver of recovery of the DIB overpayment which, he

acknowledges, was mistakenly made to him by the agency.  Such waivers

may be granted when it is established that

> (a)    [t]he overpaid individual was without fault in connection
> with [the] overpayment, and

> (b)    [a]djustment or recovery of such overpayment would

either:

> (1)   [d]efeat the purpose of title XVI, or
>
> (2)   [b]e against equity and against good conscience, or
>
> (3)   [i]mpede efficient or effective administration of title XVI due to the small amount involved.

20 C.F.R. § 416.550; *see also* 20 C.F.R. § 404.507.

Analysis of the fault prong of the prevailing test is necessarily case-specific, and requires a review of the totality of the circumstances. *Schwingel v. Harris*, 631 F.2d 192, 196 (2d Cir. 1980) (citing 20 C.F.R. § 416.552); *see also* 20 C.F.R. § 404.511; *Harzewski v. Chater,* 977 F. Supp. 217, 223-24 (W.D.N.Y. 1997). A fault finding may properly be made when a claimant (1) fails to furnish information which he or she knows or should reasonably have known to be material to the benefit calculations; (2) makes a statement which he or she knows or reasonably should have known to be inaccurate; or (3) accepts a payment which he or she knew or could be expected to have known was incorrect. *Center v. Schweiker*, 704 F.2d 678, 680 (2d Cir. 1983) (citing 20 C.F.R. § 416.552); *Kennedy v. Apfel*, No. 96CIV.3295, 1998 WL 567676, at *4 (S.D.N.Y. June 26, 1998), *aff'd*, 173 F.3d 844 (2d Cir. 1999) (unpublished) (citing 20 C.F.R. §

-12-

404.507).  The fault analysis must take into consideration the high degree

of care imposed by regulation upon benefit recipients to determine

whether circumstances that could cause a reduction of benefits exist, and

if so to bring them to the attention of the agency.  20 C.F.R. § 404.511(a);

*see also Kennedy*, 1998 WL 567676, at *4 (citing, *inter alia*, *Brown v.*

*Bowen*, 905 F.2d 632, 638 (2d Cir. 1990), *cert. denied*, 498 U.S. 1093,

111 S. Ct. 979 (1991)).  In determining an overpayment claim, it is

important to note that it is the plaintiff who bears the burden of establishing

the lack of fault.  *Kennedy*, 1998 WL 567676, at *4 (citing *Center*, 704

F.2d at 680); *Madlock v. Bowen*, No. CIV-87-911, 1988 WL 137723, at *1

(W.D.N.Y. Dec. 20, 1988).

Analysis of the second prong begins only where the claimant

seeking waiver relief from an overpayment obligation is found to have

been without fault.  *Kennedy*, 1998 WL 567676, at *4; *see also Chlieb v.*

*Heckler*, 777 F.2d 842, 846 (2d Cir. 1985).  If the claimant is found to have

been without fault, overpayment will only be waived if recovery would

defeat the purpose of Title II of the Social Security Act or would be against

equity and good conscience.  *Kennedy*, 1998 WL 567676, at *4 (quoting

42 U.S.C. § 404(b)); *see also* 20 C.F.R. § 416.550.  As is true with respect

to the analysis of fault, it is the claimant's burden to establish that he or she qualifies for a waiver on the basis of either of those conditions. *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1042 (2d Cir. 1984); *see also Beekman v. Bowen,* No. 88 Civ. 7661, 1989 WL 280333, at *2 (S.D.N.Y. Dec. 14, 1989); *Marchese v. Sec'y of Health and Human Servs.*, 690 F. Supp. 162, 163 (W.D.N.Y. 1988); *Posnack v. Sec'y of Health and Human Servs.*, 631 F. Supp. 1012, 1015 (E.D.N.Y. 1986).

In order to meet his or her burden of establishing that recovery of the overpayment would defeat the purpose of the Act, a claimant must demonstrate a need for substantially all of his or her income, including Social Security benefits, to meet current ordinary and necessary living expenses.  20 C.F.R. § 404.508(b).  Ordinary and necessary living expenses are defined by statute as including (1) fixed living expenses such as food, clothing, rent, utilities, insurance and taxes; (2) medical expenses; (3) costs associated with the support of others for whom the claimant is legally responsible; and (4) other miscellaneous expenses that may reasonably be considered part of the plaintiff's standard of living.  20 C.F.R. § 404.508(a).  When determining whether the recovery of the overpayment may be waived, an important factor is whether the claimant

has income or financial resources sufficient to cover more than ordinary and necessary needs, or instead is dependent upon all of his or her current benefits to meet such needs.  *Marchese*, 690 F. Supp. at 165 (citing 20 C.F.R. § 404.508(a)).

A claimant may also qualify for overpayment waiver where he or she demonstrates that recovery would be against equity and good conscience. *Kennedy*, 1998 WL 567676, at *4 (quoting 42 U.S.C. § 404(b)).  In order for the requirement of repayment to be considered against equity and good conscience, the claimant must demonstrate that, in reliance upon receipt of the disputed payments, he or she relinquished a valuable right or changed his or her position for the worse.  20 C.F.R. § 404.509(a).  When examining this prong of the waiver test, a court will generally regard the individual's financial circumstances as irrelevant.  20 C.F.R. § 404.509(b).

C.    The Evidence In This Case

The Commissioner does not dispute the finding that Vandermark was without fault in this matter.  Nor does the plaintiff contend that recovery of the overpayment would be against equity and good conscience.  The focus of plaintiff's challenge is the ALJ's finding that

recovery of the overpayment would not defeat the purposes of Title II of the Act.  Plaintiff maintains that the ALJ's determination is not supported by substantial evidence in the record, since it fails to take into account his particular financial circumstances.

To show that recovery of an overpayment would defeat the purpose of the Act, and that a waiver is therefore proper, a claimant must demonstrate an inability to afford the repayment based on the fact that all or nearly all of his or her income is required to meet ordinary and necessary living expenses.  20 C.F.R. 404.508(b).  In this instance ALJ Ferrell's decision is based, in large part, on his finding that plaintiff is paying for unnecessary expenses or paying more than other creditors require, while at the same time claiming that he cannot afford to repay the Administration.  AT 11.  One of the expenses which the ALJ points to as being unnecessary is the cost of a subscription to cable television.  AT 11. The ALJ's decision reflects his finding that without that unnecessary expense, the plaintiff could afford to repay the overpayment.  *See* AT 11.

In his brief, plaintiff argues that a person in his circumstances needs both cable television and a cell phone in order to maintain contact with "the real world."  Plaintiff's Memorandum of Law (Dkt. No. 6) at 3.  During

the hearing conducted by ALJ Farrell, however, plaintiff's attorney candidly acknowledged that cable television is not a necessity.  AT 639.  The notion that cable television is not a necessity is supported by the findings of at least one other jurisdiction.  The District Court for the Eastern District of California, when confronted with the same issue, determined that cable television, which in that case cost only $18 per month, amounted to an excessive living expense which the plaintiff could not justly include in a calculation of monthly expenses for the purposes of demonstrating there was no available funds for repayment.[7]  *Browne v. Sec'y of HHS,* No. S-91-0059, 1992 WL 159166, at *8 (E.D.Cal. Apr. 1, 1992).

The evidence adduced during the hearing reflects that the plaintiff pays $46.28 per month for cable television.  AT 629; *see also* AT 106.  Eliminating or reducing that service alone would balance a monthly withholding of $20 by the Administration, thus supporting the ALJ's finding that waiver is not appropriate.

In his decision, ALJ Ferrell also determined that plaintiff's nearly $50 per month cell phone service expense is not a necessity.  AT 11.  The

---

[7]     That finding was made despite plaintiff's assertion that it was not possible to utilize an antenna for the reception of television signals. *Browne*, 1992 WL 159166, at *9, n.8.

evidence in the record reflects that in addition to a cell phone, plaintiff also maintains a home telephone line.  AT 629.  Plaintiff claims, however, to have a need for an additional cell phone "[f]or emergencies" while he is driving.  AT 629; *see also* Plaintiff's Memorandum of Law (Dkt. No. 6) at 3. This claim, however, is belied by review of plaintiff's monthly bills, which indicate regular use of his cell phone evidenced by the varying monthly charges between $4.55 and $18.90, in addition to the $19.99 charged to him for base service.  AT 107, 132.  Accordingly, even if the use of a cell phone was regarded as a necessity strictly for use in emergency situations, based upon plaintiff's actual circumstances his regular monthly charges do not indicate that the cell phone is being used for such limited purposes.  Eliminating or reducing that service could also make it easier for plaintiff to afford a monthly withholding of $20 by the Administration.

Another basis for the ALJ's determination was the fact that plaintiff is making monthly payments of more than what is required to at least one other creditor.[8]  AT 631.  Plaintiff testified during the hearing that he is making payments of $50 toward his accumulated credit card debt, while the required minimum payment is only $15.  AT 631.  The ALJ ruled that

---

[8]       Plaintiff did not address this point in his brief.  Plaintiff's Memorandum of Law (Dkt. No. 6) at 3.

since Vandermark has more than enough income to pay one creditor,
there is no reason why that creditor should be given preference over a
debt to the Administration.  AT 11.  The court agrees that instead of
paying monthly more than twice the amount required by another creditor,
plaintiff should be required to repay the Administration in monthly
deductions.  Even with such a deduction, plaintiff would still have enough
income left to meet or exceed his credit card minimums.

As can be seen, to afford the required overpayment reimbursement,
plaintiff need not eliminate all of the expenses that have been discussed.
Rather, by reducing or eliminating some unnecessary expenses, at his
option, he could afford both the small monthly repayment withholding and
his ordinary and necessary living expenses.  In light of this and the wide
deference owed to the ALJ's determination, *see Valente,* 733 F.2d at 1041
(stating that a court may not substitute its own judgment for that of the ALJ
"even if it might justifiably have reached a different result upon a de novo
review"), I find that ALJ Ferrell was justified in considering whether some
of plaintiff's expenses are unnecessary and determining that plaintiff could
eliminate some of those unnecessary expenses in order to afford the
required repayment, and therefore conclude his determination is

supported by substantial evidence.

IV.    <u>SUMMARY AND ORDER</u>

The ALJ evaluated the issue presented, utilizing the proper, two-pronged analysis by considering the issues of fault and the purposes of Title II of the Act.  Although the ALJ determined that in receiving an overpayment of Social Security disability benefits plaintiff was without fault, his finding that plaintiff's obligation to repay would not defeat the purpose of the Act is supported by substantial evidence, which reflects that not all of plaintiff's monthly expenditures are properly regarded as necessities, and he thus can afford to repay the overpayment without defeating the purpose of the Act by sacrificing such unnecessary expenses.

Accordingly, it is therefore

ORDERED that defendant's motion for judgment on the pleadings be GRANTED, that the Commissioner's determination in this matter be in all respects AFFIRMED, and that plaintiff's complaint be DISMISSED in its entirety; and it is further

ORDERED, that the Clerk of the Court serve a copy of this Decision

and Order upon the parties in accordance with this court's local rules.


Dated:      June 21, 2007
            Syracuse, NY



_____
David E. Peebles
U.S. Magistrate Judge